**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco MACIAS–PEREZ, Defendant–Appellant.**

**No. 89–10146.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 12, 1989.*

Submission Deferred Dec. 14, 1989.

Resubmitted Oct. 1, 1990.

Decided Oct. 5, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Charles M. Thomas, Mesa, Ariz., for defendant-appellant.

W. Allen Stooks, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before HALL, BRUNETTI and NOONAN, Circuit Judges.

BRUNETTI, Circuit Judge:

The appellant, Francisco Macias–Perez, pleaded guilty to conspiracy to possess with intent to distribute cocaine and was sentenced to ten years imprisonment. Page six of the original presentence report included a statement that the appellant's common-law wife, Linda Martinez ("Ms. Martinez"), had previously found a cocaine bindle among the appellant's belongings. Appellant claimed at sentencing that this statement was inaccurate, and Ms. Martinez testified that she had never found such a package of cocaine. The court therefore deleted the disputed fact from page six of the presentence report. However, page eight of the final presentence report includes a probation officer's assessment of the appellant's criminal culpability which states in part:

> The case agents portray Francisco as a much more culpable, active participant in a greater cocaine distributing scheme. Coupled with Ms. Martinez's earlier discovery of a cocaine bindle, the official perception has great credibility.

It is obvious from the court's deletion of the page six reference to Ms. Martinez's alleged discovery of cocaine that the court did not take the information into account in sentencing the appellant and the failure to delete the same information on page eight was an oversight.

Fed.R.Crim.P. 32(c)(3)(D) requires that if a defendant alleges an inaccuracy in the presentence report, the court must make either a factual finding concerning the disputed matter or a determination that the matter will not be taken into account in sentencing. In this case, the district court's act of affirmatively deleting the information on page six of the presentence report constituted a statement that the controverted matters would not be considered in imposing the sentence and "unambiguously reflect[ed] that the district court placed no reliance on the controverted matters." *United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990). Therefore, the court complied with the substantive requirements of Rule 32 and resentencing is not required. *Id.* at 1517–1518. However, the district court must correct the technical error of failing to append the required determinations to the presentence report, *id.* at 1518, and should delete the page eight reference to the contested matter. Therefore, we remand the case to the district court.

AFFIRMED AND REMANDED.