928 F.2d 409
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Guy Russell CASTIGLIONE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kathleen Rebecca PIRELLI, Defendant-Appellant.
 
 1
 Nos. 90-50311, 90-50333.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted March 8, 1991.*
Decided March 12, 1991.
 
 3
 Appeal from the United States District Court for the Southern District of California; No. CR-89-0520-01-R, No. CR-89-0520-02-R, John S. Rhoades, District Judge, Presiding.
 
 
 4
 S.D.Cal.
 
 
 5
 AFFIRMED.
 
 
 6
 Before CANBY and RYMER, Circuit Judges, and WARE, District Judge**.
 
 
 7
 MEMORANDUM***
 
 
 8
 These are consolidated appeals in which Guy Castiglione appeals the sentence imposed on his conviction, following a plea of guilty, to conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). He contends the district court erred by changing the payout terms of a fine, thus putting him in double jeopardy, and denied him due process in relying on unreliable information about his financial ability to pay a fine. Kathleen Pirelli pled guilty to the illegal use of a communication facility in arranging the transportation across the Mexican border of 987 grams of methamphetamine. The district court upwardly departed from a guideline range of six to twelve months to sentence Pirelli to twenty-four months in custody, based on the quantity of drugs involved. She contends this departure is unreasonable. We affirm.
 
 
 9
 * Because the district court imposed a fine and indicated a method of payment it had in mind at the initial sentencing hearing, but ordered a different payment schedule at a continued hearing, Castiglione contends that he was resentenced in violation of the double jeopardy clause of the United States Constitution. We review alleged violations of the double jeopardy clause de novo. United States v. Schwartz, 785 F.2d 673, 676 (9th Cir.), cert. denied, 479 U.S. 890 (1986). "The double jeopardy clause prohibits additions to criminal sentences in a subsequent proceeding where the legitimate expectation of finality has attached to the sentence." Stone v. Godbehere, 894 F.2d 1131, 1135 (9th Cir.1990) (citing United States v. DiFrancesco, 449 U.S. 117, 139 (1980)).
 
 
 10
 On March 5, 1990, the district court commenced the sentencing hearing. After ordering a fine to be paid in the sum of $100,000 as a condition of supervised release, Castiglione asked that the fine be payable at the time he was released from custody. A colloquy ensued which eventually led to a continuance of the sentencing hearing to permit the parties to confer about an appropriate payment schedule. Several other continuances occurred, each with Castiglione's consent. Eventually, on April 23, the district court adopted an agreement between Castiglione's counsel and the government as part of its judgment with respect to the fine. Castiglione did not sign the agreement because he wished to appeal, on the ground that the court's initial statement, indicating an intent to impose a fine payable within 120 days after probate of his father's will or by the end of the first year of supervised release, whichever comes first, was the judgment of the court for purposes of double jeopardy.
 
 
 11
 We disagree. The court's initial order would have required immediate payment. At Castiglione's request the court considered different terms of payment; the sentencing hearing was continued without objection, and judgment was not pronounced until April 23. Double jeopardy concerns were therefore not implicated. Cf. United States v. Munoz-Dela Rosa, 495 F.2d 253, 255 (9th Cir.1974) (sentence may be modified during continuing sentencing process); DiFrancesco, 449 U.S. at 134 (sentence may be increased before defendant begins to serve it).
 
 
 12
 Castiglione also claims that his due process rights were violated because the district court did not adequately consider all relevant factors in determining the amount of the fine, and that the government had a duty to disclose that property out of which the court found he could pay the fine was subject to forfeiture.
 
 
 13
 "Violations of a defendant's due process rights occur when a court relies on materially false or unreliable information in sentencing. Thus, to make a due process challenge to a PSIR [presentence investigative report], a defendant must show that the disputed information is (1) false or unreliable, and (2) demonstrably made the basis for his or her sentence." United States v. Columbus, 881 F.2d 785, 787 (9th Cir.1989) (citations omitted).
 
 
 14
 The district court fully considered Castiglione's expected share in the inheritance of his father's real property and uncertainties with respect to it. Information upon which the court relied came from Castiglione and his counsel, and the presentence report to which no objections were made. His contention on appeal that the government had a duty to disclose that the property was subject to forfeiture lacks merit; this information was equally available to him and could have been argued to the sentencing judge.
 
 II
 
 15
 Pirelli concedes that the first three factors set out in United States v. Lira-Barraza, 897 F.2d 981, 983 (9th Cir.), reh'g granted en banc, 909 F.2d 1370 (1990), were adequately considered. She urges, however, that the district court failed to state reasons for the degree of its departure and to consider mitigating factors once it decided to depart.
 
 
 16
 The district court compared the sentence of twenty-four months to applicable sentences for comparable drug possession charges based on the weight and purity of the methamphetamine, as well as the factors listed in 18 U.S.C. 3553(a)(1). The judge also considered analogous situations in reported cases and pronouncements of the United States Sentencing Commission. The court likewise considered the factors that she argued in mitigation as to her role in the offense and rejected them. In so doing, it provided " 'articulable reasons, of a type contemplated by the [Sentencing Reform] Act [of 1984] and the Guidelines, and based on a sufficiently sound factual foundation, to justify [the extent of the] departure from the guidelines.' " United States v. Gayou, 901 F.2d 746, 749 (9th Cir.1990) (quoting United States v. Miller, 874 F.2d 466, 471 (7th Cir.1989)). We therefore conclude that the degree of departure was reasonable. United States v. Pearson, 911 F.2d 186, 190 (9th Cir.1990).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3