967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Wayne RESHARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
Michael Wayne RESHARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 91-55573, 91-55576.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided July 6, 1992.
 
 Before POOLE, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Michael Wayne Reshard appeals the district court's denial of his consolidated motions for habeas corpus relief under 28 U.S.C. § 2255 .[1] He argues that: (1) he was illegally sentenced after the revocation of his supervised release; (2) the trial court improperly considered false information in imposing his sentence; (3) his attorney failed to provide him with effective assistance; (4) he was denied his right to allocution; and (5) he was improperly denied an evidentiary hearing on his claims. We have jurisdiction under 28 U.S.C. §§ 2255 and 1291 and we affirm.
 
 FACTS
 
 3
 On November 4, 1988, Reshard pleaded guilty to one count of making a false statement in the acquisition of a firearm. See 18 U.S.C. § 922(a)(6). He was sentenced to ten months in federal prison, plus three years of supervised release. The terms of this release forbade Reshard from violating any federal, state, or local criminal law, or any regulation of the United States Probation Office, including General Order 225. Reshard was also required to participate in a drug treatment program, and to refrain from possessing or owning a firearm. On December 4, 1989, Reshard was released from prison and began his supervised release.
 
 
 4
 On August 6, 1990, the government moved to revoke Reshard's supervised release because he had failed three separate drug tests and had possessed a handgun. After conducting a hearing on the government's motion, the court found that Reshard had indeed failed three drug tests, and had violated the terms of his supervised release.[2] As a result, the court revoked Reshard's release and ordered him returned to prison for two years.
 
 
 5
 Reshard then filed his motions challenging this sentence. The district court denied the motions without conducting an evidentiary hearing, and this appeal followed.[3]
 
 DISCUSSION
 
 6
 Reshard first argues that his sentence, imposed after the revocation of his supervised release, was illegal. He contends the district court should have sentenced him under 18 U.S.C. § 3565(a)(2), rather than 18 U.S.C. § 3583(e)(3). We disagree.
 
 18 U.S.C. § 3583(e)(3) provides that:
 
 7
 The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), ... revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release....
 
 
 8
 This section allows the court to return a defendant to prison for up to two years if the offense giving rise to the revocation of the supervised release was a class C or D felony. 18 U.S.C. § 3583(e)(3).
 
 
 9
 Because a violation of 18 U.S.C. § 922(a)(6) is punishable by a maximum five-year prison term, it is a class D felony. 18 U.S.C. § 3559(a)(4). As a result, the district court did not err in imposing a two-year prison term when it revoked Reshard's supervised release.
 
 
 10
 Similarly, the district court did not abuse its discretion in denying Reshard credit for the time he previously served in custody. Section 3583(e)(3) does not permit a sentencing court to grant such credit.[4] See United States v. Behnezhad, 907 F.2d 896, 898 (9th Cir.1990); United States v. Boling, 947 F.2d 1461, 1463 (10th Cir.1991).
 
 
 11
 Reshard also argues that he was denied an opportunity to address the court before he was sentenced. An opportunity to make a statement and present any mitigating information to the district court prior to sentencing is required by Fed.R.Crim.P. 32(a). See Green v. United States, 365 U.S. 301, 305 (1961).
 
 
 12
 During the revocation hearing Judge Wilson asked, "What does Mr. Reshard have to say?" The record does not disclose whether the court directed this inquiry to Reshard, to his counsel, or to both of them. In any event, the transcript reflects that Judge Wilson spoke at length with Reshard's attorney after he asked what Reshard had to say. There is no evidence that the court failed to allow Reshard to speak. Absent evidence that the district court prevented Reshard from responding until the end of the hearing, we decline to find a violation of Reshard's right to allocution. See United States v. Franklin, 902 F.2d 501, 507 (7th Cir.) (court not obligated to repeat the invitation to speak even if defense counsel responds to it first), cert. denied sub nom. Mann v. United States, 111 S.Ct. 274 (1990).
 
 
 13
 Reshard next contends his right to due process was violated because the district court relied on false information when it sentenced him. See United States v. Caprell, 938 F.2d 975, 980 (9th Cir.1991); United States v. Columbus, 881 F.2d 785, 787 (9th Cir.1989). This contention is belied by the record.
 
 
 14
 Judge Wilson asked counsel for both parties whether he could consider the allegation that Reshard may have possessed a firearm during his supervised release. The government responded by requesting that this allegation be dismissed. The government then "ask[ed] the court to sentence [Reshard] based on the three drug charges." Reshard points to no other testimony or comments by Judge Wilson indicating that the district court considered the weapon possession allegation. Absent such a showing we must reject this claim.[5] Caperell, 938 F.2d at 980.
 
 
 15
 Finally, we reject Reshard's argument that he was entitled to an evidentiary hearing. No such hearing is required when, as here, all the petitioner's claims are based on facts in the record before the court. United States v. Taylor, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981); Farrow v. United States, 580 F.2d 1339, 1352-54 (9th Cir.1978) (en banc).
 
 CONCLUSION
 
 16
 The district court's denial of Reshard's section 2255 motions is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Reshard filed two motions in the district court, each challenging the court's revocation of his supervised release and ordering him returned to prison for two years. The first motion was filed under 28 U.S.C. § 2255. The second motion was titled "MOTION FOR REDUCTION OR MODIFICATION OF SENTENCE" and contained a statement that it was filed under Rule 35 of the Federal Rules of Criminal Procedure. In a memorandum order filed January 24, 1991, the district court characterized this second motion as a motion under 28 U.S.C. § 2255, presumably because the motion could not be brought under Rule 35. See Fed.R.Crim.P. 35. The first and second motions contained identical grounds for relief. The district court consolidated the two motions in an order dated January 25, 1991
 
 
 [2]
 The court granted the government's motion to dismiss the allegation that Reshard had possessed a firearm
 
 
 [3]
 The district court denied Reshard's application for a certificate of probable cause. The lack of such a certificate, however, does not preclude appellate review, because Reshard is a federal, rather than a state, prisoner. United States v. Del' Marmol, 221 F.2d 565, 566 (9th Cir.1955)
 
 
 [4]
 Counsel was not ineffective because he failed to ask for such credit. A prisoner is entitled to such credit only where he spent the time in custody prior to the date the sentence of imprisonment commenced: (1) as a result of the offense for which the prison term was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed. 18 U.S.C. § 3585(b). Accordingly, it was not objectively unreasonable for counsel to decline to ask for credit for time served. In addition, section 3583 makes clear that the district judge was not permitted to grant credit for time Reshard previously served in custody. Thus, Reshard also suffered no prejudice from his lawyer's decision not to ask for the credit. See Strickland v. Washington, 466 U.S. 668 (1984) (ineffective assistance by a lawyer will not be found unless counsel's conduct was objectively unreasonable and prejudiced his client)
 
 
 [5]
 The district court also complied with Fed.R.Crim.P. 32(c)(3)(D), which requires it to determine whether or not disputed facts in a presentence report will be considered in the sentencing decision. See United States v. Macias-Perez, 915 F.2d 570, 571 (9th Cir.1990)