978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert CELEDONE, Petitioner-Appellant,
v.
George INGLE, Warden, et al., Respondents-Appellees.
 No. 92-15069.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 27, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Celedone, a California state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 habeas petition challenging his sentence for sexual assault. The district court determined that Celedone had not shown cause and prejudice for his procedural default. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 Celedone contends that the district court erred in dismissing his section 2254 petition because the supplemental probation report included one paragraph describing Celedone's prison behavior since the time he was originally sentenced. Celedone contends that this information was unduly prejudicial to him in resentencing. Celedone's contention lacks merit.
 
 
 4
 Although a procedural default bars litigation of a constitutional claim in state court, a state prisoner may still obtain federal habeas relief upon a showing of cause and actual prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984) (citing Engle v. Isaac, 456 U.S. 107, 129 (1982)).
 
 
 5
 On December 13, 1985, Celedone was sentenced to a 20-year term of imprisonment following his conviction by jury of burglary, forcible rape, forcible oral copulation, attempted forcible oral copulation, and use of a knife in the commission of the sex offenses.
 
 
 6
 On appeal from his conviction, the conviction was affirmed, but the case was remanded for resentencing because the sentencing court failed to state its reasons for imposing consecutive terms pursuant to Cal.Penal Code § 667.6(c).
 
 
 7
 On remand, a supplemental probation report was prepared which recommended that Celedone be sentenced to consecutive terms for a total of 20 years and stating reasons for imposing consecutive terms. The supplemental probation report included one paragraph describing Celedone's prison behavior since the time he was originally sentenced. The court followed the supplemental probation report's recommendation and sentenced Celedone to 20 years.
 
 
 8
 In his second appeal, Celedone argued that it was fundamentally unfair and prejudicial to include his prison behavior in the supplemental probation report.[1] The appellate court upheld the sentence on the ground that Celedone failed to object to the inclusion of the contested information, and thus waived his right to complain of the alleged error on appeal. The district court agreed with the appellate court, and noted that the in-prison information was innocuous.
 
 
 9
 Violations of a defendant's due process rights occur when a court relies on materially false or unreliable information in sentencing. United States v. Columbus, 881 F.2d 785, 787 (9th Cir.1989). To make a due process challenge, a defendant must show that the contested information is (1) false or unreliable, and (2) demonstrably made the basis for his sentence. See id. (citations and quotations omitted). Celedone has not made a showing of either of these requirements. He cannot therefore show actual prejudice from the alleged error. See id.; Reed, 468 U.S. at 11. Accordingly, the district court did not err in dismissing Celedone's section 2254 petition.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The supplemental probation report stated: "Since the defendant has been incarcerated within the department of corrections, he has had two disciplinary 'write-ups' which were listed as 'not serious' and did not involve a loss of good work time credits. Overall, in contact with personnel at Folsom State Prison, the defendant's behavior has not been 'too bad.' "