29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Merritt Irwin ANDERSON, Defendant-Appellant.
 No. 94-30017.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 20, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Merritt Irwin Anderson appeals his ten-month sentence imposed following his guilty plea for extortion, in violation of 18 U.S.C. Sec. 875(d). Anderson contends that the district court violated U.S.S.G. Sec. 6A1.3 and his due process rights at sentencing by considering unreliable hearsay statements contained in the presentence report (PSR). We affirm.
 
 
 3
 The government contends that we lack jurisdiction over this appeal because the district court sentenced Anderson within the applicable Guideline range. Although we lack jurisdiction to review the district court's discretionary selection of a sentence within a correctly calculated Guideline range, we have jurisdiction over a claim involving a defendant's due process right to be sentenced based on accurate information. See United States v. Jones, 982 F.2d 380, 385 (9th Cir.1992). Accordingly, we have jurisdiction under 28 U.S.C. Sec. 1291.
 
 
 4
 We review de novo the legality of a sentence. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992). "The use of hearsay evidence at sentencing violates due process only if the sentencing judge relied upon information which is materially false or unreliable." United States v. Sustaita, 1 F.3d 950, 952 (9th Cir.1993); see also U.S.S.G. Sec. 6A1.3, comment. (district court may consider only reliable allegations at sentencing). The procedures of Fed.R.Crim.P. 32(c)(3)(D) were "designed to ensure that due process is achieved at sentencing." United States v. Turner, 898 F.2d 705, 709 (9th Cir.); cert. denied, 495 U.S. 962 (1990). The defendant bears the burden of showing that disputed information is false or unreliable and demonstrably made the basis for his sentence. See United States v. Kimball, 975 F.2d 563, 567 (9th Cir.1992), cert. denied, 113 S.Ct. 1276 (1993); United States v. Columbus, 881 F.2d 785, 787 (9th Cir.1989).
 
 
 5
 The PSR relates that in December 1992, while Anderson was on bail supervision awaiting trial, Wendy Oliver shot Anderson. Oliver, who was living with Anderson at the time, said that Anderson repeatedly exposed himself to a child, that she saw Anderson masturbating in front of the child, and that she feared that Anderson had sexually abused the child. Oliver also stated that Anderson purchased cocaine for her on the night of the shooting. Anderson objected to the PSR prior to sentencing, stating:
 
 
 6
 Defendant objects to the inclusion of the statements from Wendy Oliver relative to any sexual abuse allegations regarding Mr. Anderson and denies any acquisition of any cocaine for Miss Oliver. Neither of these accusations, which were investigated in connection with Wendy Oliver's shooting of Mr. Anderson, have ever been charged against Mr. Anderson.
 
 
 7
 An addendum to the PSR noted that Oliver's statements were obtained from Oregon sheriff's department and police reports, and from an Oregon state presentence report prepared prior to Oliver's sentencing for the shooting. The addendum also stated that Oliver's statements were included in the PSR only to indicate Oliver's motive or rationale for the shooting.
 
 
 8
 The district court stated in its written findings of fact at sentencing that the information in the PSR regarding Anderson's conduct in December 1992 "did not affect the defendant's guideline calculations," and that "the information has sufficient indicia of reliability to remain in the report." While this appeal was pending, Anderson moved for bail in the district court. The district court explained in its order denying the motion that Anderson's claims on appeal lacked merit because the information that Anderson challenged in the PSR "did not impact the defendant's guideline range or the court's selection of sentence within that range."
 
 
 9
 Here, because Anderson merely objected to the inclusion of Oliver's statements regarding sexual abuse in the PSR, and not the accuracy of the statements, the district court's decision to include these statements in the PSR was not error. See Turner, 898 F.2d at 709-10 (district court need not make Rule 32 findings where defendant challenges inclusion of statement in PSR, but not accuracy of the statement). In response to Anderson's claim that he did not supply cocaine to Oliver, the district court complied with Fed.R.Crim.P. 32(c)(3)(D) by determining that the information was sufficiently reliable to remain in the PSR. See Turner, 898 F.2d at 709. Generally, the court's compliance with Rule 32 affords a defendant with due process. See Sustaita, 1 F.3d at 952-53.
 
 
 10
 Anderson argues that Oliver's statements in the PSR are inherently unreliable. He has not shown, however, that the district court relied on the statements in determining his sentence. In fact, the district court specifically stated that the information in the PSR regarding the December 1992 shooting played no part in the imposition of Anderson's sentence. Anderson has not met his burden of showing that the district court violated U.S.S.G. Sec. 6A1.3 or his due process rights at sentencing. See Kimball, 978 F.2d at 567; Columbus, 881 F.2d at 787.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3