47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrea VILA, Defendant-Appellant.
 No. 94-10159.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrea Vila appeals her 151-month sentence imposed following a guilty plea to possession with intent to distribute dilaudid in violation of 21 U.S.C. Sec. 841(a)(1). Vila contends the district court erred by considering false or unreliable information at sentencing. We have jurisdiction under 21 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review the district court's factual findings at sentencing for clear error. See United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). The district court may consider any information at sentencing, without regard to its admissibility under the rules of evidence applicable at trial, so long as "the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. Sec. 6A1.3(a); see United States v. Petty, 982 F.2d 1365, 1367 (9th Cir.), amended, 992 F.2d 1015 (9th Cir.1993), cert. denied, 114 S.Ct. 683 (1994). The defendant bears the burden of showing that disputed information is false or unreliable and demonstrably made the basis for the sentence. See United States v. Kimball, 975 F.2d 563, 567 (9th Cir.1992), cert. denied, 113 S.Ct. 1276 (1993); United States v. Columbus, 881 F.2d 785, 787 (9th Cir.1989). We review the district court's evaluation of the reliability of the information for an abuse of discretion. Petty, 982 F.2d at 1369.
 
 
 4
 At sentencing, the district court relied on a list of transactions showing that 6,549 tablets of dilaudid were prescribed to Vila over a four-year period. Agent Barbara Roberts of the Drug Enforcement Agency testified that she compiled the prescription list from the records of pharmacies and doctors' offices, and that many pharmacies require identification and a signed receipt before filling a prescription. Robert's testimony and the presentence report shows that during the four-year period Vila, Quincy Drew, and others were involved in a scheme to obtain dilaudid fraudulently from at least five different doctors and numerous pharmacies and then resell it. Vila told Roberts that Vila obtained dilaudid numerous times each month and that she and Drew shipped the pills to buyers.[1]
 
 
 5
 Vila attempts to cast doubt on the reliability of the list by noting that, after Vila went to prison in January of 1990, Drew filled several of Vila's prescriptions. Vila concludes from this fact that Drew and others filled dilaudid prescriptions before 1990 in Vila's name. Vila, however, produced no evidence that Drew used Vila's name to fill any prescriptions before 1990 or that anyone other than Drew used Vila's identity to obtain drugs after January of 1990. Finally, the fact that some pharmacists could not identify Vila does not show that others filled Vila's prescriptions. We note that Vila's counsel at sentencing conceded that some pharmacists identified Vila in a photo line-up.
 
 
 6
 Because Vila produced no evidence showing that the prescription list was false, and the evidence attacking the reliability of the list is weak, Vila failed to establish that the list was false or unreliable. See Kimball, 975 F.2d at 567. Roberts's testimony gave sufficient indicia of reliability so that the district court did not abuse its discretion by finding that the prescription list was reliable, and thus the district court did not clearly err by attributing the dilaudid in the list to Vila. See Petty, 982 F.2d at 1369; Lira-Barraza, 941 F.2d 745, 746.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Vila suggests otherwise, Fed.R.Crim.P. 11(e)(6) does not preclude the district court's consideration of Vila's statements to Roberts. See also U.S.S.G. Sec. 1B1.8