28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John G. FAIRSERVICE, Petitioner-Appellant,
v.
Jack McCORMICK, Warden, Montana State Prison, Respondent-Appellee.
 No. 93-35922.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 21, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John G. Fairservice, a Montana state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Fairservice was convicted, following a guilty plea, of aggravated burglary. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Fairservice contends that the trial court improperly relied on evidence of his sexual behavior in sentencing, his guilty plea was not knowing and voluntary, and he received ineffective assistance of counsel. These contentions have no merit.
 
 Sentencing Hearing
 
 4
 Fairservice contends that the trial court improperly relied on false evidence that he had an incestuous relationship with his daughter in determining his sentence. A defendant challenging evidence used at sentencing must show that the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence. United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986); Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978).
 
 
 5
 At Fairservice's sentencing hearing, the prosecution introduced evidence, over the objections of the defense, of Fairservice's allegedly incestuous sexual behavior. Although the trial court admitted the evidence, the trial court explicitly stated that the evidence would not be considered in determining Fairservice's sentence.[1] Because Fairservice has not shown that his sentence was based on the disputed evidence, the district court properly dismissed this claim. See Messer, 785 F.2d at 834; Farrow, 580 F.2d at 1359.
 
 Guilty Plea
 
 6
 A guilty plea is valid only if the record shows that it was both intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The defendant must be aware of the nature and elements of the charges against him, the constitutional rights he is waiving by pleading guilty, and the possible punishment he faces. Id. We accord substantial weight to the defendant's contemporaneous on-the-record statements in assessing the voluntariness of a guilty plea. United States v. Mims, 928 F.2d 310, 311 (9th Cir.1991).
 
 
 7
 Fairservice was questioned at length about his guilty plea. He was advised of the rights he waived by pleading guilty and of the sentencing possibilities. He also explained the factual basis for the plea. In these circumstances, we agree with the district court that Fairservice's plea was voluntary and intelligent. See Boykin, 395 U.S. at 342-43; Mims, 928 F.2d at 311.
 
 Ineffective Assistance of Counsel
 
 8
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). This standard also applies to contentions that a prisoner's guilty plea was based on the ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement, the defendant must show a reasonable probability that, but for the errors of counsel, he would not have pleaded guilty and would have insisted on going to trial. Id. at 59.
 
 
 9
 Fairservice contends that his attorney rendered ineffective assistance at sentencing by failing to introduce mitigating evidence and by failing to rebut the evidence of Fairservice's alleged incestuous conduct. However, the transcript shows that counsel did introduce a number of character witnesses who testified on Fairservice's behalf; the trial court later stated that this evidence was compelling. Furthermore, as previously discussed, the trial court did not rely on the evidence of sexual misconduct in sentencing Fairservice. Accordingly, Fairservice can show no prejudice from counsel's handling of this issue. See Strickland, 466 U.S. at 687.
 
 
 10
 Fairservice also contends that counsel did not adequately explain the plea agreement, and that counsel should not have recommended accepting the plea agreement because Fairservice could not have been convicted of the dismissed charge of attempted homicide. However, the transcript shows that Fairservice was knowledgeable regarding his plea agreement, and that he understood the consequences of his guilty plea. Fairservice was also questioned regarding his relationship with counsel, and he indicated no confusion, complaints or coercion. Fairservice has not shown that counsel's performance was deficient in any way. See Strickland, 466 U.S. at 687; Hill, 474 U.S. at 58-59. Accordingly, the district court properly dismissed his ineffective assistance of counsel claims.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The trial court stated: "I specifically am stating for the record that I am not taking into consideration any of the testimony about the deviant sexual conduct that allegedly took place within this family.... That is not to say that it doesn't cause me concern, because it does. It's hard to just ignore it. But I have not taken this into consideration in fashioning this sentence."