**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward O. MESSER, Jr.,**
**Defendant-Appellant.**

**No. 84–3130.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1986.

Decided March 27, 1986.

Robert L. Zimmerman, Asst. U.S. Atty., Billings, Mont., for plaintiff-appellee.

Bernard J. Goldman, Goldman & Goldman, Missoula, Mont., Mark R. Baer, Miami, Fla., for defendant-appellant.

Before SKOPIL and NELSON, Circuit Judges, and LYNCH,* District Judge.

---

* The Honorable Eugene F. Lynch, United States District Judge for the Northern District of Cali-   fornia, sitting by designation.

SKOPIL, Circuit Judge.

Defendant-appellant Edward Messer, Jr. ("Messer") appeals his maximum sentence he received after pleading guilty to income tax evasion. Messer contends the district court, in sentencing him, improperly relied on (1) unsubstantiated information in the presentence report; and (2) Messer's unwillingness to disclose the source of his income. We are unable to determine from the record what reliance, if any, the district court gave to the contested information. We remand for compliance with Fed.R. Crim.P. 32(c)(3)(D). Inasmuch as the district court may have improperly conditioned leniency on Messer's refusal to incriminate himself for crimes not charged, we reverse and remand for resentencing.

## FACTS AND PROCEEDINGS BELOW

Messer was charged with two counts of criminal conduct pursuant to 18 U.S.C. § 371 (1982) (conspiracy to defraud the United States government) and 26 U.S.C. § 7201 (1982) (income tax evasion). A plea agreement was reached in which the government agreed to·drop the conspiracy charge in exchange for a guilty plea for tax evasion. The agreement additionally provided, inter alia, the taxable income and taxes owing were disputed and the figures would be settled between Messer and the Internal Revenue Service.

During the presentence investigation, Messer's probation officer asked Messer to state the amount and source of his income. On advice of counsel Messer declined to answer based on his fifth amendment right not to be compelled to incriminate himself. The presentence report alleged Messer made several trips between Florida and Montana on a chartered jet and engaged in several transactions involving large amounts of cash. The report concluded Messer could not have earned, in the jobs he held, the hundreds of thousands of dollars alleged in the indictment as taxable income. Based on these facts and Messer's silence as to the source of his income, the report opined Messer's undisclosed income

was obtained as a result of illegal drug trafficking.

At the time of sentencing, defendant, through his counsel, asserted inaccuracies in the presentence report by objecting to the drug-trafficking allegation and opposing the probation office's assessment of the tax deficiency. Counsel explained the amount of taxable income was still disputed and was to be resolved between Messer and the Internal Revenue Service. The court was informed that Messer's unwillingness to disclose the source of his income was based on Messer's assertion of his fifth amendment rights. The records fail to reveal any court findings on the alleged inaccuracy in the presentence report.

The court sentenced Messer to the maximum five-year sentence. At sentencing the court indicated it had the power to lessen the sentence but would not exercise that power "if the attitude presently prevailed, continues to prevail."

After sentencing Messer's counsel requested and was granted an opportunity to speak with the district judge in chambers. The following day the court indicated counsel had argued that in light of the plea agreement the court should not have considered the presentence report's theories on the amounts and sources of Messer's income. The court admitted it did consider the amounts in the report in assessing punishment.

A hearing was held. Messer moved the court to allow him to withdraw his guilty plea, or alternatively, to set aside the sentence and to resentence him. Messer's counsel explained Messer had been advised by counsel to make no statement to the presentence investigator regarding the amount or source of his income. Counsel contended to the court that Messer was improperly punished for asserting his fifth amendment privilege against self-incrimination.

During the hearing Messer testified he refused on counsel's advice to discuss with the investigator the source or amount of money. He also understood his plea was expressly not an admission to the amounts

alleged in the indictment. On cross-examination, Messer was asked to name the source of his income. He again asserted his fifth amendment privilege. Upon further questioning he stated he owned a construction business.

The court denied Messer's motions without explanation.

## DISCUSSION

■ Sentencing is left to the sound discretion of the court and its decision is reviewed for an abuse of discretion. *United States v. Chiago*, 699 F.2d 1012, 1014 (9th Cir.), cert. denied, 464 U.S. 854, 104 S.Ct. 171, 78 L.Ed.2d 154 (1983). A sentence which falls within statutory limits is ordinarily not reviewable unless there exist constitutional concerns. *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *United States v. Lemon*, 723 F.2d 922, 932 (D.C.Cir.1983). Messer contends his sentence was imposed in violation of his fifth amendment rights of due process and against self-incrimination.

### A. Due Process.

■ At sentencing judges may consider a wide variety of information that could not be considered at trial. *Williams v. New York*, 337 U.S. 241, 251, 69 S.Ct. 1079, 1085, 93 L.Ed. 1337 (1949). But when a trial judge relies on materially false or unreliable information in sentencing, the defendant's due process rights are violated. *United States v. Ruster*, 712 F.2d 409, 412 (9th Cir.1983). A defendant challenging information used in sentencing must show such information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence. *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir.1984) (citing *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc)).

■ We have held Fed.R.Crim.P. 32(c)(3)(D) helps implement this due process standard. *Ibarra*, 737 F.2d at 827. The Rule requires that when a defendant challenges information in a presentence report, the district court must make findings concerning the challenged information or state that no such findings are necessary because the court will not rely on the disputed information in sentencing. See *United States v. Stewart*, 770 F.2d 825, 832 (9th Cir.1985), cert. denied, —— U.S. ——, 106 S.Ct. 888, 88 L.Ed.2d 922 (1986). Because of the trial court's failure to comply with the rule, it is impossible to determine whether the court relied upon the failure to reveal the defendant's income or the income source or both in imposing the maximum sentence. The court's failure to comply with the rule requires remand for resentencing. *Id.; United States v. Petitto*, 767 F.2d 607, 611 (9th Cir.1985).

### B. Self-Incrimination.

■ Messer argues he was punished for asserting his fifth amendment right against self-incrimination. We conclude a court cannot condition leniency upon a defendant's refusal to admit to a crime not charged. In *Jones v. Cardwell*, 686 F.2d 754, 755 (9th Cir.1982), a sentencing judge relied on a defendant's confession during a presentence interview of additional criminal activity. We held that a sentencing judge's broad discretion to consider information in imposing sentence does not extend to consideration of information obtained in violation of a defendant's privilege against self-incrimination. *Id.* at 756. See also *United States v. Pierce*, 561 F.2d 735, 738 (9th Cir.1977) (voluntary guilty plea does not waive the right against self-incrimination for all prior activities of the defendant), cert. denied, 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978). In *United States v. Garcia*, 544 F.2d 681, 685 (3d Cir.1976), the sentencing court conditioned leniency on a convicted drug possessor's willingness to name his source. The court of appeals vacated the sentence, holding that a sentencing court may not force a defendant to waive fifth amendment protection as the price for leniency in sentencing. *Id.* See also *United States v. Moody*, 649 F.2d 124, 128 (2d Cir.1981) (court cannot by sentencing attempt to force the waiver of defendant's fifth amendment rights).

## CONCLUSION

We are unable to determine from the record whether the district court improperly relied on disputed information in the presentence report. We remand for compliance with Rule 32. Inasmuch as the court may have based its sentence on Messer's refusal to admit to drug dealing, the sentence is vacated and the matter is remanded for resentencing.

REVERSED AND REMANDED.