900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy BRICK, Defendant-Appellant.
 No. 89-6821.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 15, 1990.
Decided: March 29, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, District Judge. (CR No. 85-10; C/A No. 89-58)
 Timothy Brick, appellant pro se.
 John Douglas McCullough, Office of the United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In 1985, Timothy Brick pled guilty to importation of a Schedule I drug. See 21 U.S.C. Sec. 952(a). On the advice of counsel, Brick refused to divulge personal financial information to the probation officer completing the pre-sentence investigation report (PSI), because such information might incriminate him in pending federal prosecutions in Ohio. The district court sentenced him to 10 years in prison and imposed a $100,000 fine.
 
 
 2
 In 1989, Brick filed a 28 U.S.C. Sec. 2255 motion claiming that the district court had impermissibly penalized him by giving him an excessive fine for the invocation of his fifth amendment right not to divulge the incriminating financial information.* The district court denied the motion, disclaiming any intent to punish Brick for the non-disclosure. We affirm the district court's ruling because there is no evidence that the court imposed the sentence in retaliation for the exercise of a constitutional right.
 
 
 3
 Initially, Brick states a valid claim--imposition of a sentence in retaliation for the failure to disclose incriminatory financial information is prohibited. See United States v. Messer, 785 F.2d 832 (9th Cir.1986). See also Roberts v. United States, 445 U.S. 552, 559 (1980) (sentencing to punish the exercise of fifth amendment rights raises "serious questions"); United States v. Heubel, 864 F.2d 1104 (3d Cir.1989) (reversing sentence imposed as punishment for the failure to cooperate with police). However, Brick is not entitled to relief unless he can show that the court used the invocation of his constitutional right as "negative evidence." Heubel, 864 F.2d at 1111. That is, there must be factual support for the retaliatory claim. See Blair v. United States, 665 F.2d 500, 508 (4th Cir.1981).
 
 
 4
 Here, the transcript of the sentencing hearing clearly shows that the district court imposed the fine based on the information available to it and did not consider Brick's non-disclosure. The sentence imposed is consistent with this view of the court's intentions--the court sentenced Brick to two years less imprisonment than the maximum recommended by the government, the court allowed Brick special consideration for immediate parole under 18 U.S.C. Sec. 4205(b), and the fine imposed was less than the $125,000 maximum allowed. Under these circumstances, we have no trouble in concluding that the court did not impose the fine in retaliation for the non-disclosure.
 
 
 5
 Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Brick does not claim that the term of imprisonment was excessive