978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Timothy M. HENDERSON, Defendant-Appellant.
 No. 91-30292.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 28, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy McCoy Henderson appeals pro se the district court's revocation of his probation and its imposition of a term of two-and-one-half years of imprisonment. Henderson contends that the district court erred by improperly revoking his probation and basing the sentence imposed on unreliable evidence. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 3
 We review the district court's order revoking probation for abuse of discretion or fundamental unfairness. United States v. Hamilton, 708 F.2d 1412, 1414 (9th Cir.1983); Higdon v. United States, 627 F.2d 893, 900 (9th Cir.1980). The district court has broad discretion to revoke probation if the evidence and facts "reasonably ... satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1984). Thus, even reporting violations alone may justify revocation. Hidgon, 627 F.2d at 900.
 
 
 4
 On February 22, 1983, Henderson was convicted by a jury for the destruction of government property and timber theft.[1] The judge sentenced Henderson on four counts and suspended the imposition of his sentence on two counts pending successful completion of his probation following his release from prison. Despite Henderson's claims to the contrary, the record reveals that his probation was revoked solely on the district court's finding that Henderson violated the terms of his probation by leaving the state without prior permission from his parole officer and by failing to inform his probation officer of his change of address.[2] Here, because reporting violations alone may justify a district court's decision to revoke probation, the district court did not abuse its discretion by revoking Henderson's probation. See id.
 
 
 5
 Henderson also contends that the judge's imposition of the two-and-one-half year sentence was based on unreliable evidence and therefore should be reversed. This contention lacks merit.
 
 
 6
 Upon revocation of probation where imposition of sentence had been suspended, the sentencing court may impose any sentence it originally might have imposed. United States v. McDonald, 611 F.2d 1291, 1295 (9th Cir.1980). Nonetheless, "[w]hile a federal sentence within statutory limits ordinarily is not subject to review, the constitutional guarantee of due process, which continues to operate through sentencing, circumscribes the district court's discretion." United States v. Borrero-Isaza, 887 F.2d 1349, 1352 (9th Cir.1989) (citations omitted).
 
 
 7
 Reliance by the trial judge on materially false or unreliable information in sentencing violates the defendant's due process rights. United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986). "A defendant challenging information used in sentencing must show such information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." Id. see also Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc). "Challenged information is 'false or unreliable' if it lacks 'some minimal indicium of reliability beyond mere allegation.' " United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984) (quoting United States v. Baylin, 696 F.2d 1030, 1040 (3d Cir.1982)). We review the district court's sentencing decision for an abuse of discretion. Messer, 785 F.2d at 834.
 
 
 8
 At the sentencing hearing the government called five witnesses, four of whom testified that, while on probation, Henderson had committed logging practices in or near private property which amounted to theft and/or property damage. This alleged illegal conduct was similar in nature to Henderson's original offense for which he had been convicted. The fifth witness, an investigator for the Justice Department, testified that Henderson had been arrested while on probation for running false job advertisements, apparently in an attempt to obtain new identity papers. Henderson challenged the reliability of one of the government's witnesses on the issue of a property transaction, but did not dispute the veracity of the other four.
 
 
 9
 In arriving at the sentence imposed, the court took into consideration all of the witness testimony, Henderson's alleged pattern of illegal activity, and also considered Henderson's escape from the half-way house. Accordingly, even if Henderson's allegation of unreliable testimony as to one witness is true, he has failed to show that this alleged testimony demonstrably provided the basis of his sentence. See Farrow, 580 F.2d at 1359. Moreover, the district court's sentence of two and one half years is one-eighth of the maximum possible sentence of 20 years that the district court could have originally imposed pursuant to 18 U.S.C. § 1361 (destruction of government property). Accordingly, the sentence was properly within the statutory limit. See McDonald, 611 F.2d at 1293.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Henderson was convicted on six counts: theft of government property, 18 U.S.C. § 641, as charged in counts 1, 4 & 6; and destruction of government property, 18 U.S.C. 1361, as charged in counts 2, 5 & 7. The court sentenced Henderson for a period of three years on each of counts 1, 4, & 6, to run concurrently with each other. On count 2, Henderson was ordered to pay a fine in the amount of $10,000 or stand committed until paid. Imposition of sentence was suspended on counts 5 & 7 and probation was set to commence upon his release from custody
 
 
 [2]
 Henderson was apprehended in Juneau, Alaska and was placed in a half-way house from which he later escaped. He was apprehended a second time several months later and was placed in custody to await his revocation proceedings