990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert George WHITE, Defendant-Appellant.
 Nos. 91-10394, 91-10429, 91-10426 and 91-10428.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1992.
Decided March 31, 1993.
 
 Before SCHROEDER, NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert George White appeals the district court's sentence following his guilty plea to eleven counts of bank robbery in violation of 18 U.S.C. § 2113(a). We vacate and remand for resentencing.
 
 
 3
 * Pursuant to a plea agreement, White pleaded guilty to eleven counts of unarmed bank robbery in four separate cases in district court. The district court calculated White's base offense level at 25 with a criminal history category of IV (for which the sentencing range is 84-105 months). However, the district court determined that White's criminal history category did not adequately represent the seriousness of his criminal record and departed upwards from the Sentencing Guidelines, sentencing White to 125 months concurrent imprisonment on each of the 11 counts followed by 5 years of supervised release. The court also ordered the sentence to run consecutive to the eight year California state sentence that White is currently serving.
 
 II
 
 4
 Departure from the Sentencing Guidelines is reviewed under the three part test set out in United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). First, whether the trial court had the legal authority to depart is subject to plenary review. Second, factual findings in support of the aggravating circumstances identified by the district court as a basis for departure are reviewed for clear error. Finally, the reasonableness of the extent of the district court's departure is reviewed "in light of the structure, standards and policies of the Act and Guidelines." Id. at 751.
 
 
 5
 White contends that the district court relied on two improper considerations in its decision to depart upward from the Sentencing Guidelines.
 
 
 6
 First, White contends that it was improper for the district court to rely on the fact that White's base offense level for the eleven bank robberies increased only five levels under U.S.S.G. § 3D1.4 as a basis for an upward departure. Section 3D1.4 provides that the combined offense level should be increased by a maximum of 5 levels if more than 5 units are charged. However, the commentary to § 3D1.4 specifically provides that: "Inasmuch as the maximum increase provided in the guideline is 5 levels, departure would be warranted in the unusual case where the additional offenses resulted in a total of significantly more than 5 Units." U.S.S.G. § 3D1.4, comment. (backg'd.).
 
 
 7
 The district court found that departure was warranted in this case because the additional offenses committed by White actually reflect an increase of ten units under § 3D1.4 and White's criminal history category vastly underestimated the seriousness of his criminal history. Additionally, nothing in the Sentencing Guidelines precludes the district court from treating offenses which are part of a "single crime spree" as separate offenses. Therefore, the district court did not err in relying on the fact that White's base offense level increased only five levels under U.S.S.G. § 3D1.4 as a ground for upward departure.
 
 
 8
 Second, White contends that it was improper for the district court to consider that White had an outstanding parole violation in Hawaii when he robbed the eleven banks as a basis for an upward departure. The fact that a defendant commits an offense after violating parole is not a factor already considered by the Sentencing Guidelines, and can be a proper basis for upward departure. While it is clear that White was on parole at the time of the bank robberies it is not clear whether he was in violation of his parole at that time. The PSR indicates that White was paroled on February 28, 1989 and was to remain under parole until March 20, 1992. It also indicates that a parole detainer had been lodged against White by the State of Hawaii Paroling Authority, however, it does not indicate on what date the parole detainer was lodged.
 
 
 9
 If a district court relies on materially false or misleading information in sentencing, such reliance is an abuse of discretion and violates a defendant's due process rights. United States v. Ayers, 924 F.2d 1468, 1481 (9th Cir.1991); United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986). A sentence will be vacated on appeal if a defendant challenging the information used in sentencing shows that such "information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." Farrow v. U.S., 580 F.2d 1339, 1359 (9th Cir.1978) (en banc).
 
 
 10
 The district court clearly based upward departure in part on its assumption that White was in violation of his Hawaii parole at the time of the alleged offenses. As that assumption is not supported by the record, we vacate the sentence and remand to the district court for resentencing.
 
 III
 
 11
 White also argues that the district court abused its discretion in ordering his federal sentence to run consecutive to an unexpired state sentence for two reasons.
 
 
 12
 First, White argues that the district court failed to properly consider the factors of 18 U.S.C. § 3553(a) in making the determination to impose a consecutive sentence as required by 18 U.S.C. § 3584(b).
 
 
 13
 While the district court did not specifically indicate that it had considered the factors of § 3553, the PSR which the court adopted and the court's own explanation of its sentence indicate that the required analysis was made and is sufficient to satisfy 18 U.S.C. § 3584(b).
 
 
 14
 Second, White contends that the district court erred in imposing a consecutive sentence because in calculating his criminal history the district court considered his prior convictions for robbery in Hawaii. He argues that the California state court had already ordered him to serve an additional five years based on the same Hawaii robberies. In ordering the federal sentence to run consecutive to the California state sentence, White asserts that the court was punishing him again for those same Hawaiian robberies. The fact that a state sentence considered a prior conviction which is also considered in a federal sentence does not preclude the district court from exercising its discretion to impose a consecutive sentence. U.S.S.G. Ch. 4, Pt. A, intro. comment.
 
 V
 
 15
 Finally, White contends that the district court improperly sentenced White by analogy to career offender sentencing provisions. In U.S. v. Faulkner, 952 F.2d 1066, 1072-73 (9th Cir.1991), this court held that it is improper to sentence a defendant by analogy to career offender sentencing provisions where that defendant was not a career offender within the meaning of § 4B1.1.
 
 
 16
 However, the district court determined that White could not be classified as a career offender. Unlike the court in Faulkner, the district court in this case did not justify its departure by analogizing to the career offender provisions of the guidelines, but departed upward from the Sentencing Guidelines on the ground that White's criminal history category did not adequately represent the seriousness of his criminal record.
 
 
 17
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3