996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Delacruz TRUJILLO, Defendant-Appellant.
 No. 87-3081.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Delacruz Trujillo appeals his pre-United States Sentencing Guidelines sentence imposed following conviction by guilty plea for conspiracy to distribute and aiding and abetting interstate travel in aid of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 1952(a)(3). Trujillo contends that he was sentenced on the basis of unreliable information. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm and remand with instructions.
 
 
 3
 The district court's consideration of evidence outside the record of conviction for sentencing purposes is reviewed for abuse of discretion. United States v. Ayers, 924 F.2d 1468, 1481 (9th Cir.1991).
 
 
 4
 A defendant challenging evidence used at sentencing must show that the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence. United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986). Information is unreliable if it lacks "some minimal indicium of reliability beyond mere allegation." United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984) (citations omitted). Hearsay evidence may be considered in sentencing, unless it is "so inadequately supported that 'the factual basis for believing [it is] almost nil.' " United States v. Fernandez-Vidana, 857 F.2d 673, 675 (9th Cir.1988) (quoting United States v. Wondrack, 578 F.2d 808, 809 (9th Cir.1978)). The defendant's allegations alone do not establish the unreliability of the information challenged; the defendant must present some evidence to contradict the evidence offered by the prosecution. United States v. Kimball, 975 F.2d 563, 567 (9th Cir.1992), cert. denied, 113 S.Ct. 1276 (1993).
 
 
 5
 Trujillo contends that the district court erred by finding that he was responsible for distributing two pounds of methamphetamine per week, as indicated in the presentencing report. Trujillo's sentencing hearing was held on May 11, 1987. At that hearing, the government called Federal Bureau of Investigation Special Agent Bob Stuart, who was part of the team investigating Trujillo. Agent Stuart testified that the two pounds per week figure was based on: statements by corroborating witnesses; conversations overheard by means of a wiretap on Trujillo's phone, including Trujillo selling methamphetamine, discussing lab operations, and discussing how much money he was making from these operations; the seizure of a lab of one of Trujillo's associates, which turned up a reaction flask capable of producing two and one-half pounds of methamphetamine per cooking; and a search of the home of another associate, at which eight reaction flasks were found, including several with residue inside.
 
 
 6
 Trujillo's attorney cross-examined Stuart and elicited testimony that: both corroborating witnesses were heroin users with criminal records; the total amount of methamphetamine seized through controlled buys and searches was less than ten ounces; and the largest drug sale overheard through the wiretap was for less than one-quarter pound of methamphetamine. Trujillo called no witnesses. Following the testimony, the district court made an explicit finding that the evidence presented "more than fully justifies" the two pounds per week figure.
 
 
 7
 Trujillo argues that the hearsay testimony of the corroborating witnesses is unreliable because of their drug use. However, Stuart testified that the witnesses had never given any incorrect information. In these circumstances, we cannot say that there is no factual basis for believing their testimony. See Fernandez-Vidana, 857 F.2d at 675. Trujillo also argues that the small amount of methamphetamine seized by government agents demonstrates that Trujillo did not distribute two pounds per week. However, Stuart testified that government agents purposefully bought small amounts of the drug, because of monetary considerations. Trujillo has presented no evidence showing that the government's evidence is false or unreliable. See Kimball, 975 F.2d at 567; Messer, 785 F.2d at 834. Accordingly, Trujillo's challenge to his sentence must fail.
 
 
 8
 Finally, although the district court made the findings required by Rule 32(c)(3)(D), the government concedes that the district court did not attach those findings to the presentence report.[1] Accordingly, we order the district court to append a written record of its findings to the presentencing report. See United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990) (en banc) (when district court makes findings required by Rule 32(c)(3)(D) but fails to append a written record to the presentencing report, this Court will order the district court to do so on remand).
 
 
 9
 AFFIRMED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition to the finding that Trujillo was responsible for distributing two pounds of methamphetamine per week, the district court also determined that two of Trujillo's prior convictions would be disregarded for sentencing purposes