12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Amelia Ibal BERNAL, Defendant-Appellant.
 No. 93-50251.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Nov. 30, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Amelia Ibal Bernal appeals her 78-month sentence imposed following a jury trial for possession with the intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Although Bernal received a four-level downward departure under U.S.S.G. Sec. 5K1.1 (substantial assistance), she asserts the district court erred by refusing to depart below the government's recommendation because (1) it thought it lacked discretion to do so; (2) it relied on false or unreliable information regarding the involvement of Bernal's family in drug trafficking when sentencing Bernal; and (3) it based its decision on the improper ground that her family was involved in drug trafficking. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Generally, a district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992); United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990). We review de novo, however, a district court's legal determination that it lacked authority under the Guidelines to depart. Belden, 957 F.2d at 676.
 
 
 4
 Despite Bernal's argument to the contrary, the record reveals that the district court was fully aware of its discretion to depart to a sentence lower than the one imposed but chose not to do so. Accordingly, we are without jurisdiction to review this decision. See id.
 
 
 5
 In addition, we reject Bernal's argument that the district court relied on false or unreliable information regarding the involvement of her family in drug trafficking when sentencing Bernal.
 
 
 6
 "A defendant challenging information used in sentencing must show such information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986).
 
 
 7
 Here, the record discloses that the district court did not rely on any alleged involvement of Bernal's family members in the drug trade when determining the appropriate sentence to be imposed on Bernal. Rather, the district court sentenced Bernal based on Bernal's own actions and expressed the hope that the hardship suffered by Bernal would discourage other members of her family from involvement in the drug trade. Accordingly, Bernal cannot demonstrate that this allegedly "false or unreliable" information was "demonstrably made the basis" for her sentence. See id.
 
 
 8
 Finally, because we hold that the district court did not rely on Bernal's family's alleged involvement in the drug trade when sentencing Bernal, we also reject her argument that the district court based its decision not to depart further downward at sentencing on the improper ground that her family was involved in the drug trade.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3