33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald COLEMAN, Defendant-Appellant.
 No. 93-30318.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Aug. 16, 1994.
 
 Before: ALARCON, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Reginald Coleman pled guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. Secs. 846, 841(b)(1)(A). In this appeal from the district court's judgment of sentence, Coleman contends that the district court erred in giving him a two-level, rather than a three-level, reduction for acceptance of responsibility. He also maintains that the district court erred in determining the extent of its departure from the sentencing guideline range. He argues that the district court should have deducted additional months from the guideline range because his coconspirators received lesser sentences, and that it relied upon inaccurate information in sentencing him. We affirm because (1) the district court did not clearly err in denying Coleman the three-level reduction for acceptance of responsibility, (2) we lack jurisdiction to review Coleman's disparate sentence contention, and (3) Coleman has not demonstrated that the district court relied on materially false information.
 
 I.
 
 3
 Coleman contends he was entitled to a three-level, not merely a two-level, reduction for acceptance of responsibility under Sentencing Guideline section 3E1.1 because he "enter[ed] a guilty plea in a timely fashion." Coleman argues that if the court had awarded him a three-level reduction, instead of two, his offense level and resulting guideline range would have been reduced from 292-365 to 262-327 months. According to Coleman, the district court "used the guideline range as a starting point in arriving at the ultimate sentence." Therefore, he asserts, had the district court calculated the lower guideline range based upon a three-level reduction, the length of his sentence would have been shortened by at least 30 months.
 
 
 4
 The Government responds that the district court's failure to award the additional offense-level reduction, and thereby reduce Coleman's guideline range from 292-365 to 262-327 months, "was rendered moot ... by [its] subsequent decision to depart downward" to "a sentence of only 180 months--at least 82 months less than the range Coleman urges should have been reached." The Government further argues that even if this court were to conclude that the district court erred in denying a three-level reduction, that error was harmless because the downward departure of 112-185 months from Coleman's guideline range far exceeded the 30-month difference between a two-level and a three-level reduction for acceptance of responsibility.
 
 
 5
 In Williams v. United States, 112 S.Ct. 1112 (1992), the Supreme Court ruled that when faced with a contention that a district court improperly applied the Sentencing Guidelines, we should first determine whether it did, in fact, impose a sentence "as a result of an incorrect application of the Guidelines." Id. at 1120. Upon a finding that the district court committed error, we must then determine whether to remand to the district court for resentencing by evaluating whether that error "was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Id. at 1121.
 
 
 6
 Applying the Williams formula to this case, we first consider whether the district court committed clear error in denying Coleman the three-level reduction for acceptance of responsibility. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). To support his argument that the district court erred, Coleman notes that the Government agreed in the plea agreement to recommend a three-level reduction for acceptance of responsibility. Coleman does not contend that the Government failed to adhere to the terms of the plea agreement; he simply argues that the fact that the Government agreed to make the three-level reduction is evidence that the district court erred in denying it.
 
 
 7
 Coleman also argues that the district court's apparent rationale for denying the three-level reduction (Coleman's insufficient remorse for his crime) did not correspond with the provisions of Sentencing Guideline section 3E1.1.[1] We need not determine whether the district court denied a three-level reduction for reasons other than those outlined in section 3E1.1 because the record supports the district court's decision in that Coleman's plea was entered only two days prior to the date set for his trial. See Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987) ("This court may affirm the district court on any ground finding support in the record, even if the district court relied on the wrong grounds or wrong reasoning.") (citation omitted). This short notice forces the Government to prepare its case for trial. By pleading guilty two days before his trial was to begin, Coleman did not aid the Government or the court in "allocat[ing] its resources efficiently." U.S.S.G. Sec. 3E1.1(b)(2). The district court did not commit clear error by denying Coleman a three-level reduction.
 
 II.
 
 8
 Coleman contends that the disparity in the sentences imposed against him and his coconspirators is not factually warranted and must be overturned. We have held that a district court may not depart downward "for the purpose of avoiding unequal treatment of codefendants." United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992). Accordingly, we "may not review [Coleman's] appeal from the district court's discretion in fixing the extent of [his] downward departure." United States v. Vizcarra-Angulo, 904 F.2d 22, 23 (9th Cir.1990).
 
 III.
 
 9
 Coleman contends that the district court abused its discretion by basing his sentence on erroneous information. Specifically, Coleman argues (1) that the district court insisted he was more culpable than he actually was, (2) that the court held erroneous beliefs with regard to his criminal history, and (3) that the court misunderstood the extent of his cooperation with the Government. The Government responds that Coleman's contention essentially challenges the extent of the district court's downward departure from Coleman's guideline range, and, as such, is not reviewable by us on appeal.
 
 
 10
 Under 18 U.S.C. Sec. 3742(a)(3), we may review only upward sentencing departures from the applicable guideline range. However, 18 U.S.C. Sec. 3742(a)(1) also authorizes this court to review sentences "imposed in violation of law." We have jurisdiction to review Coleman's contention under this subsection because "reliance upon information which is materially untrue or, if not shown to be false, to be so lacking in indicia of reliability as to be of little value violates due process." United States v. Safirstein, 827 F.2d 1380, 1385 (9th Cir.1987).
 
 
 11
 In United States v. Messer, 785 F.2d 832 (9th Cir.1986), we held that a trial court violates due process when it "relies on materially false or unreliable information in sentencing." Id. at 834. Generally, "[a] defendant challenging information used in sentencing must show such information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." Id. The burden of establishing demonstrable reliance by the district court over the contested matters does not arise in this case, however, because the district court did not list the factors it relied upon in sentencing Coleman. United States v. Edwards, 800 F.2d 878, 880 n. 3 (9th Cir.1986). Thus, Coleman need only show that information used by the district court in sentencing was materially false or unreliable to prevail on his claim. We analyze each of Coleman's allegations regarding the district court's reliance on false information separately.
 
 A. Coleman's Culpability
 
 12
 Coleman contends that the district court's comments demonstrate that its view of the extent of his culpability for the offense committed was exaggerated. Coleman insists he was only a middleman in the drug conspiracy, but that the district court found him to be the leader. We disagree. The sentencing transcript reveals that the district court believed Coleman to be a "big[ ] crook." The district court did not specifically indicate that it felt Coleman was more culpable than all of the others involved in the conspiracy, only that he was the "smartest" member who held a significant position of responsibility by virtue of the fact that he collected the drug proceeds. The district court's finding concerning Coleman's individual culpability was not factually false, but rather a reasonable inference drawn from undisputed facts.
 
 B. Coleman's Criminal History
 
 13
 Coleman complains that the district court "had an erroneous understanding of [his] criminal history." Coleman contends that the district court "apparently thought [he] had been involved in a prior drug conspiracy" and that he traveled from Georgia to Tacoma, Washington to deal in cocaine, both of which were untrue.
 
 
 14
 During sentencing, the court stated "he's been in the dope business before. Haven't you Mr. Coleman?" When Coleman stated that he had only been charged with possession in Georgia, the court responded "What do you call that? You got it from somebody." This colloquy indicates that the district court understood the nature of Coleman's possession charge, and interpreted it as evidence that Coleman was previously involved with controlled substances.
 
 
 15
 The record also reflects the following conversation:
 
 
 16
 THE COURT: Mr. Coleman, you came from Georgia to Tacoma, Washington to deal in cocaine.
 
 
 17
 DEFENDANT COLEMAN: No, sir.
 
 
 18
 THE COURT: Well, the record reflects that. And it's your record. Because you were in Tacoma and you left Tacoma and you went to Georgia and you got busted and you came back. Didn't you?
 
 
 19
 DEFENDANT COLEMAN: Yes, sir. My intention wasn't to come back to get into selling drugs or any kind of criminal activity. I guess I just took a wrong path....
 
 
 20
 ....
 
 
 21
 THE COURT: You either came to Tacoma, sir, for one of two reasons, probably both: Either to avoid child support or dealing cocaine.
 
 
 22
 DEFENDANT COLEMAN: No, sir.
 
 
 23
 The record does not support the district court's conclusion that Coleman's purpose in traveling to Tacoma was to deal in cocaine. This factual assumption, though unproved, was not materially false. Whether Coleman came to Tacoma to deal in cocaine is not relevant to the question regarding the number of months that should be deducted from the applicable guideline range based on Coleman's assistance to the Government.
 
 C. Coleman's Assistance
 
 24
 Coleman contends that the district court did not understand that Coleman assisted the Government by providing information relating to those who served a more significant role in the drug conspiracy than he. The passages from the sentencing transcript quoted by Coleman do not support this contention. The quoted material is derived from the court's discussion with the prosecutor as to whether serious criminals benefit more significantly by section 5K1.1 downward departure motions. The district court did not state that Coleman's cooperation was only directed at his subordinates in the conspiracy but not his superiors.
 
 
 25
 Finally, Coleman asserts that the district court did not afford him individualized sentencing but instead "based its sentencing decision on its feelings about substantial assistance motions under Sentencing Guideline Sec. 5K1.1." This argument is not persuasive. During sentencing, the district court expressed some disdain for substantial assistance motions, positing that bigger criminals get bigger deals. Nevertheless, Coleman's contention that this affected his sentence is belied by the fact that the court granted him a downward departure to 180 months.
 
 
 26
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 3E1.1 provides that a defendant who has qualified for a two-level reduction for acceptance of responsibility may receive an additional one-level reduction if
 the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
 (1) timely providing complete information to the government concerning his own involvement in the offense; or
 (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.
 U.S.S.G. Sec. 3E1.1(b).