87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred ROBBIN, aka Farid Robin Abuseraj, Defendant-Appellant.
 No. 95-50501.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1996.*
Decided June 07, 1996.
 
 Before: WIGGINS, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred Robbin was convicted of two counts of wire fraud, in violation of 18 U.S.C. § 1343; two counts of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314; and one count of bail jumping, in violation of 18 U.S.C. § 3146. He appeals his sentence for the wire fraud and transportation of stolen property counts. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.
 
 FACTS
 
 3
 In January 1987, a jury found Robbin guilty of two counts of wire fraud and two counts of interstate transportation. The counts related to Robbin's management of a car dealership and his agreement with General Motors Acceptance Corporation (GMAC). Under the agreement, GMAC advanced funds to Robbin so that he could obtain GM inventory, including vehicles. In exchange, Robbin agreed to promptly repay GMAC when he sold or leased a vehicle.
 
 
 4
 The indictment alleged that Robbin sold numerous cars without paying GMAC the agreed upon repayment and, instead, deposited the money in several dealership accounts. Through a series of financial transactions, Robbin moved the money to various accounts, including his personal bank account.
 
 
 5
 After trial, but before sentencing, Robbin fled the country. Robbin did not return to the United States until August 1994.
 
 
 6
 In February 1995, the district court sentenced Robbin to twenty-seven months incarceration for the wire fraud and transportation of stolen property counts, in criminal case number 86-906. Pursuant to a plea agreement, Robbin requested and the government recommended eighteen-months incarceration on these counts. The district court judge stated that, in imposing the sentence, she had considered the plea agreement, the amount of time Robbin could get off his sentence for good behavior, and the Sentencing Guidelines. With regard to the bail jumping count, in criminal case number 87-439, the district court imposed a consecutive sentence of six months.
 
 
 7
 After Robbin appealed his sentence, the government filed an unopposed motion to vacate the sentence and to remand the case for resentencing. We granted the motion, concluding that the district court had erroneously assumed Robbin could receive one-third off his twenty-seven month sentence for good time credits. In fact, Robbin could receive only one-fifth off his sentence for good behavior.
 
 
 8
 At his resentencing, Robbin requested the district court sentence him to twenty-two and one-half months for the wire fraud and transportation of stolen property counts. Under such a sentence, Robbin would serve only eighteen months in custody, assuming he received good behavior credits. The district court denied Robbin's request and sentenced him to twenty-seven months incarceration for the wire fraud and stolen property counts and a consecutive, six-month sentence for the bail jumping count. The district court also ordered Robbin to make restitution to GMAC, in the amount of $185,000. Robbin timely appealed to this court.
 
 DISCUSSION
 
 9
 In this appeal, Robbin challenges only the district court's imposition of the twenty-seven month sentence. Because his crimes occurred prior to November 1, 1987, the Sentencing Guidelines do not govern his sentence. United States v. Hadley, 918 F.2d 848, 854 (9th Cir.1990).
 
 
 10
 Under the law prior to the enactment of the Sentencing Guidelines, the district court had "virtually unfettered discretion in imposing sentence." United States v. Barker, 771 F.2d 1362, 1364 (9th Cir.1985). A sentence within the statutory limits "is ordinarily not reviewable unless there exist constitutional concerns." United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986).
 
 
 11
 At sentencing, the district court may violate a defendant's due process rights by relying on "materially false or unreliable information." Id. To demonstrate a violation of due process, the defendant must show the information is "(1) false or unreliable, and (2) demonstrably made the basis for the sentence." Id.; see also United States v. Ruster, 712 F.2d 409, 412 (9th Cir.1983).
 
 
 12
 Robbin does not contend that his sentence was outside the statutory limit. He argues the district court relied on false information in resentencing him. We reject this argument.
 
 
 13
 There is no indication that during resentencing the district court continued to believe that Robbin could receive a third off his sentence for good behavior. The district court judge stated that she was not concerned with the amount of time Robbin could receive off his sentence as good time credits. The district court stated that twenty-seven months was an appropriate sentence due to the seriousness of Robbin's crimes and his subsequent behavior in fleeing. The district court, therefore, did not rely on false information or abuse its discretion in resentencing Robbin.
 
 
 14
 Contrary to Robbin's suggestion, nothing in our order remanding the action required the district court to sentence Robbin to no more than twenty-two and one-half months.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3