108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginald Q. COLEMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-35349.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1997.*
Decided Feb. 18, 1997.
 
 1
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 We affirm the district court's denial of Coleman's § 2255 petition.
 
 
 4
 We reject Coleman's argument that he was denied due process because the presentence report, which recommended a sentence of 180 months, contained "misinformation" since the probation officer was not aware of the extent of Coleman's cooperation and did not consult with the Assistant U.S. Attorney regarding the value of that cooperation. Coleman notes that the presentence report was prepared and presented before the government filed its motion for downward departure which recommended a sentence of 96 to 120 months.
 
 
 5
 A defendant's due process rights may be violated if the court relies on unreliable or materially false information in sentencing. See United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986). The probation report did not lack a "minimal indicium of reliability" simply because it was prepared before the government made its sentencing recommendation. United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984) (citations omitted). The probation report repeatedly notes that Coleman provided substantial assistance to the government, perhaps more than any other member of the conspiracy. The report states the probation officer met with several law enforcement officials regarding Coleman's cooperation and the Assistant U.S. Attorney indicated he was planning to file a substantial assistance motion. These statements establish that the probation officer consulted with other government officials regarding Coleman's cooperation and made his recommendation in light of Coleman's substantial assistance. Most important, when the court determined Coleman's sentence, it had before it and considered both the government's recommendation and the probation officer's recommendation. See Excerpts of Record at 79.
 
 
 6
 Coleman suggests that the court did not follow U.S. Sentencing Guidelines Manual § 5K1.1, which requires the court to give the government's recommendation substantial weight. Nothing in the record suggests the court failed to do so. The court is not bound by the recommendation. See U.S. Sentencing Guidelines Manual § 5K1.1. Any nonconstitutional challenge to the application of the Sentencing Guidelines not raised on direct appeal is waived. See Application Note 3; United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 
 7
 The district court's denial of Coleman's § 2255 petition is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3