**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Brian NYE, Defendant—Appellant.**

**No. 02–30214.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2003.

Decided Nov. 14, 2003.

Lynne W. Lamprecht, Esq., Boise, ID, for Plaintiff–Appellee.

Deborah Whipple, Esq., Nevin, Herzfeld, Benjamin & McKay, Boise, ID, for Defendant–Appellant.

Before: B. FLETCHER, BRUNETTI, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Brian Adams Nye appeals his 51–month sentence for making false statements to the IRS, mail fraud, wire fraud, and witness tampering. The parties are familiar with the facts of the case and we refer to them only as necessary in this disposition. For the reasons stated below, we affirm Nye's sentence.

## 1. Standard of Proof at Sentencing

The district court found, by a preponderance of the evidence, that Nye had caused $1,041,390.60 in losses. This resulted in an 11–point increase in his offense level. U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2F1.1(b)(1)(L) (2000). Nye asserts on appeal, as he did below, that the district court should have used the clear and convincing standard of proof in determining the amount of loss.

Generally, the preponderance standard is sufficient to satisfy due process requirements at sentencing. *United States v. Johansson*, 249 F.3d 848, 853 (9th Cir.2001); *United States v. Mezas de Jesus*, 217 F.3d 638, 642 (9th Cir.2000). Where a factual determination has "an extremely disproportionate effect on the sentence relative to the offense of conviction," however, it may become necessary to use the clear and convincing standard of proof. *Mezas de*

*Jesus*, 217 F.3d at 642 (internal quotation marks and citation omitted). In *Johansson*, we identified several factors to consider in determining whether the clear and convincing standard is necessary. *Johansson*, 249 F.3d at 854. Of these factors, only three pertain to the present case: whether the facts underlying the enhancement "create new offenses requiring separate punishment;" whether the offense level increases by four or less; and whether the enhanced sentence is more than double the unenhanced sentence in a case where the unenhanced sentence would have been relatively short. *Id.* Regarding the second of these factors, an increase of more than 4 levels is not dispositive. *Id.* at 855–56.

Under the first *Johansson* factor listed above, where there is a close relationship between the offense of conviction and the conduct that causes the increase in the sentence, the preponderance standard is more likely to suffice. *E.g., United States v. Joetzki*, 952 F.2d 1090, 1096 (9th Cir. 1991) (determination of loss attributable to fraud for which defendant was convicted); *United States v. Lorenzo*, 995 F.2d 1448, 1459–60 (9th Cir.1993) (13–level increase based on conspiracy to defraud for which defendant was convicted); *United States v. Montano*, 250 F.3d 709, 713–14 (9th Cir. 2001) (effective 10–level increase, resulting in range of 21–27 months instead of 0–6 months, based on finding of high tax loss resulting from smuggling conspiracy for which defendant was convicted). Cases that have required the clear and convincing standard, by contrast, often involve an increase based on conduct that is not as closely related to the offense of conviction. *E.g., Mezas de Jesus*, 217 F.3d at 639–41, 643–45 (9–level increase, resulting in range of 57–71 months instead of 21–27 months,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

636

based on uncharged kidnaping); *United States v. Munoz*, 233 F.3d 1117, 1126–27 (9th Cir.2000) (9–level increase due to uncharged conduct, resulting in range of 41–51 months instead of 12–18 months); *United States v. Jordan*, 256 F.3d 922, 923–25, 929, 931–33 (9th Cir.2001) (5–level increase for possession of firearm during robbery and 4–level increase for abducting witness, resulting in range of 151–188 months instead of 70–87 months).

 Under *Montano, Lorenzo* and *Joetzki*, the district court in the present case did not need to use the clear and convincing standard in determining the amount of loss attributable to Nye. Despite the 11–point increase in offense level, and the resulting sentencing range of 51–63 months instead of 12–18 months, the loss amounts were directly connected to the fraud that Nye admitted in his plea agreement. At any rate, even if the district court needed to apply the clear and convincing standard, the failure to do so was harmless due to the complete lack of controversy regarding the facts at issue. *United States v. Romero–Rendon*, 220 F.3d 1159, 1163 (9th Cir.2000). The uncontroverted evidence supporting the district court's determinations renders any error in the use of the preponderance standard harmless beyond a reasonable doubt.

**2. Reliability of Evidence**

 Nye next challenges the reliability of the evidence used to establish the amount of loss. Part of Nye's challenge is his assertion that the district court should not have relied on certain hearsay statements.

The district court was required to determine the "actual loss to the victim," which in a fraudulent loan case is "the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered (or can expect to recover) from any assets pledged to secure the loan." U.S.S.G. § 2F1.1 app. 8(b). The amount of loss "need not be determined with precision" and the district court is only required to make "a reasonable estimate of the loss, given the available information." U.S.S.G. § 2F1.1 app. 9; *United States v. Scrivener*, 189 F.3d 944, 949 (9th Cir.1999). "A defendant challenging information used in sentencing must show such information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986). A district court may rely on hearsay during sentencing as long as the hearsay is "accompanied by some minimal indicia of reliability." *United States v. Berry*, 258 F.3d 971, 976 (9th Cir.2001) (internal quotation marks and citation omitted).

Nye does not demonstrate that the information on which the district court based its analysis was false or unreliable. Nye states that the Creditor Analysis forms were several months old at the time of sentencing. But he does not explain how this compromises their accuracy given that the accounts would have been frozen by Rowley's bankruptcy. Nye also states that the forms are incomplete, but does not show what is missing. The forms show the loan principal and amounts paid by Rowley as well as projections of amounts recoverable from collateral and probable losses. Notably, the district court determined the value of collateral separately. Also, Rowley's testimony corroborated the loans reflected in the forms.

As for Rowley's testimony itself, although it did contain hearsay and speculation, it was sufficiently reliable given Rowley's own experiences with having his equipment sold during his bankruptcy. This covered the selling price of several pieces of equipment as well as related expenses such as storage fees. Rowley's

estimates were not facially unreasonable or wildly speculative. The hearsay consisted of statements of people who would have had personal knowledge of the information at issue. Nothing about Rowley's testimony was inherently unreliable. Finally, the district court made allowances where Rowley had doubts about his knowledge, such as when the court declined to include one of the ORIX loans in its calculations.

■ We next address certain errors in the district court's calculations. As the Government concedes, the district court made at least one substantial error in its arithmetic. In adding the outstanding principal on the two ORIX loans at issue, the district court came up with a figure that was $102,503.98 too high. In addition, there was a possible error in the estimate of the ORIX collateral as $135,000 instead of $207,000, resulting in a difference of $72,000. These actual and potential errors, however, are harmless. Given that the district court figured the losses at over $1,000,000, there still would have been over $200,000 of breathing room before the total losses would fall down to the $800,000 mark. The actual and potential errors are less than $200,000, and are therefore harmless.

### 3. Interest

■ Nye asserts that the district court erred by including unearned interest in the loss calculation. In the case of a fraudulently obtained loan, "the loss is the amount of the loan not repaid at the time the offense is discovered," reduced by payments and collateral. U.S.S.G. § 2F1.1 app. 8(b). This includes both paid and unpaid interest. *United States v. Davoudi*, 172 F.3d 1130, 1135–36 & n. 3 (9th Cir.1999).

In light of *Davoudi*, Nye's argument that unearned interest cannot be included in the loss calculation in a fraudulent loan case has no merit. At any rate, the district court did not include unearned interest in any of the calculations, with the exception of approximately $12,500 for Safeline. But correcting for this amount, even with the errors identified above, still would not have any effect on Nye's sentence because the loss would still be over $800,000.

### 4. The 1992 Sentence

■ Finally, Nye argues that because the charges filed against him in 1992 were dismissed in 1996, those charges should not have been included in his criminal history.

In determining criminal history points, one point is added for a "prior sentence" that does not involve more than 60 days of imprisonment. U.S.S.G. § 4A1.1(c). A "prior sentence" includes "any sentence previously imposed upon adjudication of guilt ... by guilty plea ... for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). "Sentences resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case are not to be counted." U.S.S.G. § 4A1.2 app. 6.

Nye's argument fails. There is no indication that the 1992 sentence was reversed, vacated or invalidated based on legal error, exonerating evidence, or constitutional infirmity. Rather, the 1992 "Amended Order Withholding Judgment and Order of Probation" indicates that the charges to which Nye pled guilty would be dismissed upon the completion of his probation and jail time. This probation and jail time qualifies as a "prior sentence" and

**638**

there is no basis for not including it in Nye's criminal history.

Nye's sentence is AFFIRMED.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.