**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10027 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00308-WHO-1 |
| v. | |
| ERIC ARQUES EVANS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, III, District Judge, Presiding

Submitted September 18, 2019**

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Eric Arques Evans appeals from the district court's judgment and challenges the 30-month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Evans contends that the district court procedurally erred by failing to explain the sentence, including its refusal to grant a downward variance, and by relying on a clearly erroneous belief that his prior convictions involved violent conduct. These claims are unavailing. The district court sufficiently explained that, notwithstanding Evans's mitigating circumstances, a within-Guidelines sentence was warranted in light of the offense conduct and Evans's criminal history. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, the record indicates that the district court heard and understood that none of Evans's previous convictions involved violence. The court's observation that Evans's history "shows some violence" was supported by the record and was not clearly erroneous. *See United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010).

Evans also argues that the court violated his due process rights by sentencing him on the basis of his pending charges without finding that he committed the acts underlying those charges. However, the district court expressly stated that it was not the sentencing Evans on the basis of his pending charges. *See United States v. Messer*, 785 F.2d 832, 834 (9th Cir. 1986) ("A defendant challenging information used in sentencing must show such information is . . . demonstrably made the basis for the sentence.").

**AFFIRMED.**