NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30012 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00079-BLW-1 |
| v. | |
| BRYAN MICHAEL HASKELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Bryan Michael Haskell appeals from the district court's judgment and

challenges the 14-month sentence imposed upon his second revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Haskell contends that the district court violated his right to due process at

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentencing by relying on materially false hearsay, contained in the probation officer's violation report, that Haskell failed to report to a residential reentry center as ordered. Contrary to Haskell's contention, the court was not required to call the probation officer as an adverse witness under *Morrissey v. Brewer*, 408 U.S. 471 (1972), or Federal Rule of Criminal Procedure 32.1. *See United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006) ("[N]either *Morrissey* nor the Federal Rules of Criminal Procedure say anything about . . . the right to examine adverse witnesses at sentencing."). Moreover, because the challenged statement in the violation report was sufficiently reliable, the district court did not err by considering it as part of its decision to impose the within-Guidelines 14-month sentence. *See id.* at 1199 (hearsay may be considered at sentencing if accompanied by a minimal indicia of reliability); *United States v. Messer*, 785 F.2d 832, 834 (9th Cir. 1986) (defendant challenging information used in sentencing must show such information is false or unreliable).

**AFFIRMED.**